IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY MABLE,** : | **CIVIL ACTION NO. 1:11-CV-0645** |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **DAVID YEINGST, et al.,** : | |
| : | |
| Respondents : | |

## **ORDER**

AND NOW, this 3rd day of May, 2011, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1)[1], in which petitioner alleges that he is entitled to immediate release because he is due a credit toward his federal sentence for time he served in Pennsylvania state custody, and it appearing that two orders issued by the court have been returned as undeliverable (Docs. 4, 7), and it further appearing from a search of the VINElink county inmate locator system[2], that petitioner was generally released from prison on March 11, 2011, thereby rendering the petition moot, see Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or

---

[1] Petitioner is a federal inmate who was housed in the Perry County Prison at the time he initiated this action. (Doc. 1.)

[2] "PA SAVIN is Pennsylvania's automated victim notification system . . . . This service provides crime victims, their families and their circles of support with free, confidential notification regarding an offender's release, transfer, or escape. The PA SAVIN service includes offenders under the supervision of county jails, state prisons and the Pennsylvania Board of Probation and Parole." https://www.vinelink.com/vinelink/initSearchForm.do?siteId=39000

controversies."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.

2. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge